UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

AUDRA ELY,

     Plaintiff,

v.

     Case No:
     Judge
     Magistrate

TJX COMPANIES, INC., a foreign for profit
corporation, and HOMEGOODS, INC., a
foreign for profit corporation,

     Defendants.

---

Robert W. Palmer (P31704)
PITT MCGEHEE PALMER
BONANNI & RIVERS, P.C.
Attorney for Plaintiff
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
248.398.9800
rpalmer@pittlawpc.com

John J. Gillooly (P41948)
GARAN LUCOW MILLER, P.C.
Attorney for Defendants
1155 Brewery Park Blvd., Suite 200
Detroit, MI  48207
313.446.5501
jgillooly@garanlucow.com

---

**NOTICE FOR REMOVAL OF CAUSE TO
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
<u>SOUTHERN DIVISION</u>**

NOW COME Defendants, TJX COMPANIES, INC. and
HOMEGOODS, INC., by and through their attorneys, GARAN LUCOW
MILLER, P.C., and hereby give notice of removal of this action from the
Circuit Court for the County of Oakland, State of Michigan (Case No. 2021-
191750-NI) to the United States District Court for the Eastern District of

Michigan Southern Division, pursuant to 28 U.S.C. §§ 1332 and 1441. In support of its Notice of Removal, TJX COMPANIES, INC. and HOMEGOODS, INC., state as follows:

1.    An action has been commenced against Defendants TJX COMPANIES, INC. and HOMEGOODS, INC. in the Circuit Court for the County of Oakland, State of Michigan, entitled Audra Ely v. TJX Companies, Inc. and HomeGoods, Inc., Case No. 2021-191750-NI. Copies of the Summons and Complaint, and all pleadings filed are attached hereto as **Exhibit A**.

2.    TJX COMPANIES, INC. and HOMEGOODS, INC were served with copies of the Summons and Complaint through its registered agent by process server on December 27, 2021. This Notice of Removal is due within thirty (30) days following receipt thereof, and is therefore timely under 28 U.S.C. § 1446(b)(1).

3.    In her Complaint, Plaintiff alleges that she suffered an injury located at 624 John R Rd., in the City of Troy, in the County of Oakland and State of Michigan. Plaintiff seeks damages in an unspecified amount in excess of $25,000, the jurisdictional minimum for a civil action filed in a Michigan circuit court. (**Exhibit A**, ¶4)

## **GROUNDS FOR REMOVAL**

4.     This Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and removal is proper pursuant to 28 U.S.C. § 1441(a), which provides, in pertinent part, that:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.

5.     The United States District Court for the Eastern District of Michigan, Southern Division, has original jurisdiction because this is an action (a) wherein the amount in controversy exceeds the sum of $75,000 exclusive of interests and costs; and (b) between citizens of different states.

6.     Plaintiff alleges in her Complaint that she is a resident of the County of Wayne and resides in Michigan. (**Exhibit A**, ¶1)  Thus, Plaintiff is a citizen of Michigan.

7.     TJX COMPANIES, INC. is a foreign corporation with its principal place of business located in Framingham, Massachusetts.  HOMEGOODS, INC. is a foreign corporation with its principal place of business located in Framingham, Massachusetts.

8.      Because Plaintiff is a citizen of Michigan and Defendants are citizens of Massachusetts, there is complete diversity of citizenship between the parties.

9.      Further, the amount in controversy exceeds $75,000 as discerned from the allegations in Plaintiff's Complaint and pertinent jury verdict and settlement research.  A notice of removal may assert the amount in controversy if the initial pleading seeks "a money judgment, but the State practice . . . permits recovery of damages in excess of the amount demanded" and the district court finds that the amount in controversy is more likely than not above $75,000.  *See* 28 U.S.C. § 1446(c)(A)-(B); *see also Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), *abrogated on other grounds, Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010).

10.     Plaintiff has alleged that she sustained injures and damages as follows:

"a. A laceration to the plaintiff's head;

b. Contusions to the plaintiff's head, neck and shoulder;

c. Injury to the musculature nerves and soft tissue of the plaintiff in the area of her head, neck and shoulder;

d. Exacerbation of preexisting back issues;

.e. Medical expenses, past, present and future;

4

f. Disability, past, present and future;

g. Embarrassment, humiliation and/or mortification, past, present and future;

h. Physical pain, suffering and discomfort, past, present and future; and

i. Other injuries and damages to be determined throughout the course of discovery."

(**Exhibit A**, ¶13).   Plaintiff's allegations of injuries reflect a substantial likelihood that this controversy involves claims exceeding $75,000.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

12   TJX COMPANIES, INC. and HOMEGOODS, INC. have satisfied or will satisfy all of the procedural requirements for removal under 28 U.S.C. § 1446.

a.   In accordance with 28 U.S.C. § 1446(a), this is the appropriate court for removal because the state court in which this action was commenced, the Oakland County Circuit Court, is within this Court's district and division. Copies of all process, pleadings, and orders served upon TJX Companies, Inc. and HomeGoods, Inc. in this action, including the Summons and Complaint, are attached as **Exhibit A**. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

b.   In accordance with 28 U.S.C. § 1446(b)(3), this Notice of Removal is being timely filed within 30 days of the receipt of the Summons and Complaint.

   c. In accordance with 28 U.S.C. § 1446(d), TJX Companies, Inc. and HomeGoods, Inc. are promptly notifying Plaintiff in writing that this case has been removed to this Honorable Court pursuant to this Notice of Removal. TJX Companies, Inc. and HomeGoods, Inc. have, contemporaneously with the filing of this Notice of Removal, filed a copy of the same with the court clerk of the Oakland County Circuit Court.

13. The prerequisites for removal have been met.  If any questions arise as to the propriety of the removal of this action, TJX COMPANIES, INC. and HOMEGOODS, INC., respectfully request the opportunity to present briefing, argument, and further evidence necessary to support its position that this case is removable.

14. In removing this action, TJX COMPANIES, INC. and HOMEGOODS, INC. specifically reserve all its defenses including, without limitation, all defenses specified in Rule 12(b) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants TJX COMPANIES, INC. and HOMEGOODS, INC. hereby petition to remove this case from the Circuit Court for the County of Oakland, State of Michigan to the United States District Court for the Eastern District of Michigan, Southern Division, and requests that all future proceedings be held in this Court.

Respectfully submitted:

GARAN LUCOW MILLER, P.C.

/s/John J. Gillooly
JOHN J. GILLOOLY (P41948)
Attorney for Defendants
1155 Brewery Park Blvd., Suite 200
Detroit, MI  48207
313.446.5501
jgillooly@garanlucow.com

Dated: January 12, 2022

4935306

# ATTACHMENT

| Approved, SCAO | Original - Court | 2nd copy - Plaintiff |
|---|---|---|
| | 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| **JUDICIAL DISTRICT** | **SUMMONS** | 2021-191750-NI |
| 6th **JUDICIAL CIRCUIT** | | NI |
| **COUNTY PROBATE** | | JUDGE VICTORIA VALENTINE |

| Court address | Court telephone no. |
|---|---|
| 1200 N. Telegraph Road, Pontiac, MI 48341 | (248) 858-0344 |

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| AUDRA ELY, | **v** | TJX COMPANIES, INC. |
| | | c/o The Corporation Company |
| | | 40600 Ann Arbor Road E |
| | | Suite 201 |
| | | Plymouth, MI 48170 |
| Plaintiff's attorney, bar no., address, and telephone no. | | |
| Robert W. Palmer (P31704) | | This case has been designated as an eFiling |
| PITT MCGEHEE PALMER BONANNI & RIVERS, P.C. | | case, for more information please visit |
| 117 W. Fourth Street, Suite 200 | | www.oakgov.com/efiling. |
| Royal Oak, MI 48067 | | |
| (248) 398-9800 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.     **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 12/22/2021 | 3/23/2022 | Lisa Brown |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19) **SUMMONS**     MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

**STATE OF MICHIGAN**
**IN THE 6ᵗʰ CIRCUIT COURT**
**FOR THE COUNTY OF OAKLAND**

AUDRA ELY,

     Plaintiff,

                                          Case No.        -NI

v.

TJX COMPANIES, INC., a foreign for profit
corporation, and HOMEGOODS, INC., a
foreign for profit corporation,

     Defendants.

_____/

Robert W. Palmer (P31704)
**PITT McGEHEE PALMER**
  **BONANNI & RIVERS, P.C.**
*Attorney for Plaintiff*
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
(248) 398-9800
rpalmer@pittlawpc.com
_____/

There is no other pending or resolved civil action
arising out of the transaction or occurrence
alleged in this Complaint

## COMPLAINT

    **NOW COMES** the Plaintiff, Audra Ely, by and through her attorneys, Pitt McGehee

Palmer Bonanni & Rivers, and files this complaint and in support thereof states the following:

### THE PARTIES

    1.     Plaintiff Audra Ely, at all times material hereto, resided in the County of Wayne,

State of Michigan.

2.     Defendant, The TJX Companies, Inc., is a foreign for profit corporation licensed to do business in the state of Michigan and at all times material hereto, either owned, was the parent corporation of, and/or controlled Defendant HomeGoods, Inc. corporation.

3.     Defendant HomeGoods, Inc. at all times material hereto was a foreign for profit corporation licensed to do business in the state of Michigan, and at all times material hereto, upon information and belief, was owned, was a subsidiary of, and/or was controlled by Defendant The TJX Companies, Inc. Hereinafter, both corporate defendants referred to as "Defendants HomeGoods".

4.     The amount in controversy exceeds $25,000.00 exclusive of interest, costs and attorney fees.

5.     The facts out of which Plaintiff's claims arise, occurred in the county of Oakland, state of Michigan.

## COMMON ALLEGATIONS

6.     On or about December 26, 2018 during normal shopping hours, Plaintiff Audra Ely was shopping at the HomeGoods store located at 624 John R Road in the city of Troy, County of Oakland.

7.     While shopping in the area of framed pictures, the plaintiff Audra Ely was struck in the head, neck, and right shoulder by a large, heavy framed picture that fell off of a flimsy rack attached to the wall within the HomeGoods store.

8.     The brackets affixed to the wall to hold the pictures were too light weight and were placed too far apart to hold the heavy pictures balanced within those racks.

9.     As a direct and proximate result of the picture falling on the Plaintiff, the plaintiff sustained serious and significant soft tissue injuries to her head, neck and shoulder which has

2

manifested itself in continuing pain, discomfort and disability in those areas as well as into her right arm.

## COUNT I - NEGLIGENCE

10. Plaintiff realleges and incorporates by reference every allegation stated above as though fully stated below and further alleges:

11. At all times relevant to the instant action Defendants HomeGoods along with its employees and agents, servants and cashiers owed a duty to invitees in general and to the plaintiff in particular to exercise reasonable care for the protection of invitees and to refrain from negligent conduct that may harm Defendants' invitees including the plaintiff.

12. Defendants HomeGoods, by and through its agents, servants, employees and cashers, breached the duty described above in one or more of the following respects:

a. In failing to display heavy framed pictures in a manner that was safe, and which precluded said pictures from falling from their display area onto shoppers;

b. In placing heavy framed pictures in racks that were not designed to securely hold pictures of the type and weight of the picture that struck Plaintiff;

c. In failing to routinely check the area in which Plaintiff was injured so as to make sure that pictures were securely placed in the racks designated for storage of pictures of the size and weight of the picture that struck the plaintiff;

d. In failing to store pictures of the size and weight of the picture that struck the plaintiff at ground level so as to eliminate the risk of said pictures falling from the storage racks as a result of misplacement of the pictures in the racks;

3

e.    In failing to store pictures of the size and weight of the picture that struck Plaintiff at ground level so as to eliminate the risk of said pictures falling from the flimsy racks upon which the pictures were located;

f.    In storing the pictures in an unsafe and unreasonably dangerous manner;

g.    Other acts of negligence to be determined through discovery.

13.    As a direct and proximate result of the aforementioned negligence of the Defendants, Plaintiff sustained the following injuries and damages which comprise a non-exhaustive list:

a.    A laceration to the plaintiff's head;

b.    Contusions to the plaintiff's head, neck and shoulder;

c.    Injury to the musculature nerves and soft tissue of the plaintiff in the area of her head, neck and shoulder;

d.    Exacerbation of preexisting back issues;

e.    Medical expenses, past, present and future;

f.    Disability, past, present and future;

g.    Embarrassment, humiliation and/or mortification, past, present and future;

h.    Physical pain, suffering and discomfort, past, present and future; and

i.    Other injuries and damages to be determined throughout the course of discovery.

WHEREFORE, Plaintiff, Audra Ely, respectfully requests that this Honorable Court grant her judgment against Defendants HomeGoods in whatever amount greater than $25,000.00 to which she is deemed to be entitled, together with interest, costs and attorney fees.

## COUNT II – PREMISES LIABILITY

14. Plaintiff realleges and incorporates by reference every allegation stated above as though fully stated below and further alleges:

15. That at all times relevant hereto, Plaintiff was a business invitee in Defendants HomeGoods' store located at 624 John R Road in the city of Troy, County of Oakland.

16. That as such, Defendants HomeGoods owed Plaintiff, a business invitee, the highest duty of care.

17. Defendants HomeGoods was charged with a duty to maintain the subject premises in a reasonably safe condition and to exercise ordinary care to protect invitees from unreasonable risks of injury that were known to Defendants or should have been known in the exercise of ordinary care and to warn of dangers that were known or that should have been known and to inspect the subject premises to discovery possible dangerous conditions.

18. Defendants HomeGoods, by and through its agents, servants and employees breached the aforementioned duties described in the preceding paragraphs by one or more of the following negligent acts and/or omissions:

      a. In creating a display area for heavy framed pictures of the type that struck the plaintiff in racks that failed to accommodate their weight and dimensions;

      b. In designing and maintaining an area for the storage of the pictures of the type and weight of the picture that struck the plaintiff that was at an unreasonable height above the ground so as to create an unreasonable risk of the picture falling from the display;

      c. In designing and maintaining an area for the display of large, framed pictures in racks that only secured the bottom of the pictures, thus allowing

the pictures to fall forward from the racks thus creating an unreasonable risk of harm to patrons;

d.     In failing to take reasonable measures to warn, advise or instruct invitees, specifically the plaintiff, of the dangerous condition existing in the framed picture area;

e.     In failing to take reasonable and readily available measures to abate the hazard, despite actual or constructive knowledge of the existence of the hazard;

f.     Other acts and omissions constituting negligence to be determined through the course of discovery.

19.     As a direct and proximate result of the negligent acts and/or omissions of the Defendants HomeGoods, described in the preceding paragraphs, Plaintiff Audra Ely sustained severe and permanent damages and injuries including aggravation of existing injuries which include but are not limited to the following:

a.     A laceration to the plaintiff's head;

b.     Contusions to the plaintiff's head, neck and shoulder;

c.     Injury to the musculature nerves and soft tissue of the plaintiff in the area of her head, neck and shoulder;

d.     Exacerbation of preexisting back issues;

e.     Medical expenses, past, present and future;

f.     Disability, past, present and future;

g.     Embarrassment, humiliation and/or mortification, past, present and future;

h.     Physical pain, suffering and discomfort, past, present and future; and

i.   Other injuries and damages to be determined throughout the course of discovery.

WHEREFORE, Plaintiff, Audra Ely, respectfully requests that this Honorable Court grant her judgment against Defendants in whatever amount greater than $25,000.00 she is deemed to be entitled, together with interest, costs and attorney fees.

## JURY DEMAND

Plaintiff Audra Ely hereby demands a jury trial of all issues so triable.

Respectfully submitted,

PITT MCGEHEE PALMER
BONANNI & RIVERS, P.C.

*/s/ Robert W. Palmer*
Robert W. Palmer (P31704)
Attorney for Plaintiff
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
Tel: (248) 398-9800
Fax: (248) 768-7996
rpalmer@pittlawpc.com

Dated: December 22, 2021

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

AUDRA ELY,

     Plaintiff,                            Case No:
                                          Judge
v.                                        Magistrate

TJX COMPANIES, INC., a foreign for profit
corporation, and HOMEGOODS, INC., a
foreign for profit corporation,

     Defendants.

---

| | |
|---|---|
| Robert W. Palmer (P31704) | John J. Gillooly (P41948) |
| PITT MCGEHEE PALMER | GARAN LUCOW MILLER, P.C. |
| BONANNI & RIVERS, P.C. | Attorney for Defendants |
| Attorney for Plaintiff | 1155 Brewery Park Blvd., Suite 200 |
| 117 W. Fourth Street, Suite 200 | Detroit, MI  48207 |
| Royal Oak, MI 48067 | 313.446.5501 |
| 248.398.9800 | jgillooly@garanlucow.com |
| rpalmer@pittlawpc.com | |

---

## **AFFIDAVIT**

STATE OF MICHIGAN )
                       ) ss.
COUNTY OF WAYNE  )

     JOHN J. GILLOOLY, being first duly sworn, deposes and says, that he

is associated with the law firm of GARAN LUCOW MILLER, P.C. and that he

has been charged with the defense and representation of TJX COMPANIES,

INC. and HOMEGOODS, INC.,  Defendants, herein; that in such capacity he

has prepared the foregoing Notice for Removal of Cause to the United States District Court, Eastern District of Michigan, Southern Division, that the matters set forth in said Notice are true except as to those matters stated herein to be upon his information and belief as to which matters he is informed and believes same to be true.

Further deponent sayeth not.

/s/John J. Gillooly
JOHN J. GILLOOLY (P41948)

Subscribed and sworn to before me
on the 13th day of January, 2022.

/s/Dena Marie Shealy
Dena Marie Shealy, Notary Public
County of Macomb, State of Michigan
My Commission Expires: 02/28/2026
Acting in the County of Wayne

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

AUDRA ELY,

     Plaintiff,                               Case No:
                                                 Judge
v.                                     Magistrate

TJX COMPANIES, INC., a foreign for profit
corporation, and HOMEGOODS, INC., a
foreign for profit corporation,

     Defendants.

---

| Robert W. Palmer (P31704) | John J. Gillooly (P41948) |
|---|---|
| PITT MCGEHEE PALMER | GARAN LUCOW MILLER, P.C. |
| BONANNI & RIVERS, P.C. | Attorney for Defendants |
| Attorney for Plaintiff | 1155 Brewery Park Blvd., Suite 200 |
| 117 W. Fourth Street, Suite 200 | Detroit, MI  48207 |
| Royal Oak, MI 48067 | 313.446.5501 |
| 248.398.9800 | jgillooly@garanlucow.com |
| rpalmer@pittlawpc.com | |

## **PROOF OF SERVICE**

STATE OF MICHIGAN)
               ) ss.
COUNTY OF WAYNE )

     DENA MARIE SHEALY, being first duly sworn, deposes and says that she is employed with the law firm of GARAN LUCOW MILLER, P.C., and that on the 13th day of January, 2022, she caused to be served a true copy of **NOTICE FOR REMOVAL, AFFIDAVIT and PROOF OF SERVICE** upon the following:

**Robert W. Palmer, Esq.**      Clerk Assignment
rpalmer@pittlawpc.com       OAKLAND COUNTY CIRCUIT COURT
                                   1200 N. Telegraph Road, Dept. 404
                                   Pontiac, MI   48341-0407

by electronic filing the foregoing paper with the Clerk of the Oakland County Circuit Court using the E-File & Serve system.

/s/Dena Marie Shealy

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

AUDRA ELY,

      Plaintiff,

v.

TJX COMPANIES, INC., a foreign for profit
corporation, and HOMEGOODS, INC., a
foreign for profit corporation,

      Defendants.

Case No: 2021-191750-NI
Hon. Victoria Valentine

---

| | |
|---|---|
| Robert W. Palmer (P31704)<br>PITT MCGEHEE PALMER<br>BONANNI & RIVERS, P.C.<br>Attorney for Plaintiff<br>117 W. Fourth Street, Suite 200<br>Royal Oak, MI 48067<br>248.398.9800<br>rpalmer@pittlawpc.com | John J. Gillooly (P41948)<br>GARAN LUCOW MILLER, P.C.<br>Attorney for Defendants<br>1155 Brewery Park Blvd., Suite 200<br>Detroit, MI  48207<br>313.446.5501<br>jgillooly@garanlucow.com |

---

## **NOTICE OF FILING OF REMOVAL**

**PLEASE TAKE NOTICE** that a Notice of Removal of the entitled action from the

Oakland County Circuit Court, State of Michigan, to the United States District Court for

the Eastern District of Michigan, a copy of which is attached hereto, was duly filed January

13, 2022, in the United States District Court for the Eastern District of Michigan.

      Respectfully submitted:

      GARAN LUCOW MILLER, P.C.

      /s/John J. Gillooly
      JOHN J. GILLOOLY (P41948)
      Attorney for Defendants
      1155 Brewery Park Blvd., Suite 200
      Detroit, MI  48207
      313.446.5501
Dated:  January 13, 2022      jgillooly@garanlucow.com

## **Proof of Service**

The undersigned certifies that a copy of the foregoing
instrument was served upon the attorney(s) of record of all parties
to the above cause at their respective addresses as disclosed by the
pleadings of record herein on January 13, 2022,

by:     ___ U.S. Mail         ✔ MiFILE
        ___ Hand Delivery     ___ Overnight Courier
        ___ Facsimile         ___ Electronic Mail

*I declare under the penalty of perjury that the statement above
is true to the best of my information, knowledge and belief.*

___ /s/Dena Marie Shealy ___

4935396